JOZF BIER ET AL., RESPONDENTS, v. GOTTFRIED WALBAUM ET UX., APPELLANTS.

Argued October 30, 1925,—Decided February 1, 1926.

1. The words "unmarketable" and "there are no encroachments thereon and that the buildings comply with municipal ordinances and regulations," in a contract to purchase real estate construed and applied.

2. "Marketable" means salable; "encumbrance" means a right to, or an interest in, an estate to the diminution of its value. "Encroachment" means intrusion without right or possession—an invasion—an encroachment naturally means something that illegally narrows the street, which the municipal authorities may remove.

On appeal from the Supreme Court.

For the appellants, *David Stewart Edgar* and *John W. Ockford.*

For the respondents, *Tiffany, Brugler & Wittreich.*

The opinion of the court was delivered by

BLACK, J.   This suit was instituted to recover $3,035, a deposit and the cost of a survey, under an agreement dated May 22d, 1924, for the purchase of the property located on the southwesterly corner of Hudson and Ninth streets in the city of Hoboken.

The meritorious question involved in the appeal arises out of the agreement, viz., whether the title to the premises is "unmarketable," and whether "there are no encroachments thereon, and that the buildings comply with municipal ordinances and regulations?"   The trial resulted in a verdict for the plaintiffs.   The only questions argued are: Whether it was error for the trial court to refuse a motion to nonsuit the plaintiffs or to direct a verdict in favor of the defendants?   These motions were based on the ground that the testimony showed there was no jury question involved. There is some evidence which makes a jury question.   The denial of the motions by the trial judge was not error.   It would serve no useful purpose to recite the testimony and analyze it in detail, suffice to say that, James V. Hogan, Jr., a witness, testified that he made the survey and map; that by profession he is a civil engineer and surveyor; that he was familiar with the streets and street lots in the city of Hoboken; that Hudson and Ninth streets are used as public thoroughfares; that the map was made from the original data and survey.   The map shows that the iron ornamental fence, built on a concrete foundation, encroached on Hudson street in front from seventeen feet nine and one-half inches to seventeen feet six inches.   Brownstone stoop and hand rail encroaches on Hudson street seven feet and ten inches.   Ornamental concrete and iron fence encroaches on Ninth street (a) in front six inches (b) in rear five and eight-tenths inches.

Northerly face building encroaches on Ninth street (a) in front one-fourth of an inch (b) in rear one-half inch.

Vestibule, southwest corner of building, encroaches on the property adjoining on the south eight and one-half inches.

Centre of southerly boundary wall over line (a) front one-half inch (b) rear three-fourths of an inch.

Wooden fence over in rear (a) front one and three-fourths inches (b) southwesterly corner four and three-fourths inches.

An ordinance of the city of Hoboken, passed July 18th, 1917, was introduced in evidence, which declares "all stoops, steps, &c., erected over or upon any street or avenue in the city of Hoboken are declared to be nuisances," and shall be removed before August 15th, 1917. The trial judge in the charge to the jury spoke of the legal effect of encroachments; then he charged the jury: "If you find that the plaintiffs have established by a preponderance of the evidence that there are encumbrances that make this title unmarketable, then the plaintiffs are entitled to a verdict." "If the plaintiffs have failed to show that there are encumbrances on the property, they are not entitled to a verdict, but the defendants are entitled to a verdict."

The dictionary meaning of the word "marketable" means salable. "Encumbrance" means a right to, or an interest in, an estate to the diminution of its value. A paramount claim or interest resting as a charge upon land. "Encroachment" means intrusion without right or possession—an invasion. An encroachment, naturally, means something that illegally narrows the street, which the municipal authorities may remove. *Bloom* v. *City of Orange*, 91 *N. J. L.* 376, 378; 3 *Words & Phr.* 2385; 4 *Id.* 3519. This court said, in the case of *Simpson* v. *Klipstein*, 89 *N. J. Eq.* 545, the title must be such as to make it reasonably certain, that it will not be called into question in the future, so as to subject the purchaser to the hazard of litigation with reference thereto; that is precisely the situation here as found by the jury in the case under review.

The appellants state in the brief that the respondents' argument assumes that the streets are public streets. No such assumption, however, can properly be made, because the streets are only public streets in this case outside of the

fence line. This statement is so clearly contrary to the testimony that it calls for no comment.

Finding no error in the record, the judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 16.

*For reversal*—None.