**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1947-22

PCS REALTY, LLC,

    Plaintiff-Appellant,

v.

RALPH FREDERICKS and
BRENT WILLIAMS FREDERICKS,

    Defendants-Respondents.

_____

Submitted February 14, 2024 – Decided March 14, 2024

Before Judges Vernoia and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. C-000067-22.

Beinhaker & Beinhaker, attorneys for appellant (Dore R. Beinhaker, on the briefs).

Needleman and Pisano, attorneys for respondents (Frank Pisano, III, on the brief).

PER CURIAM

This matter arises from plaintiff PCS Realty, LLC's claim that a driveway, fence, landscaping, and features of property owned by defendant Ralph Fredericks, and resided in by defendant Brent Williams Fredericks, encroach on its property. Plaintiff appeals from a Chancery Division order, entered after a bench trial, dismissing the complaint, in which plaintiff had asserted causes of action for ejectment, trespass, and interference with property rights and an order denying its motion for reconsideration and granting defendants an equitable easement for the driveway's encroachment on plaintiff's property. We reverse the court's orders and remand for further proceedings.

I.

The pertinent facts are not disputed. Plaintiff owns commercial property located at 115 Main Road in Montville, New Jersey (plaintiff's property).[1] Plaintiff purchased the property in 2015.

Defendant Ralph Fredericks owns residential property (defendants' property) at 113 Main Road that abuts plaintiff's property.[2] Defendant Brent

---

[1] Plaintiff's property is designated as Block 51, Lot 28 on the Township of Montville tax map.

[2] Defendants' property is designated as Block 51, Lot 27 on the Township of Montville tax map.

Williams Fredericks resides at defendants' property. Ralph Fredericks purchased the property in 2005.

In April 2022, plaintiff filed a verified complaint against defendants, asserting causes of action for ejectment, trespass, and interference with its property rights. Plaintiff claimed defendants had "encroached and trespassed on [p]laintiff's property by erecting a fence, installing a driveway and landscaping" and the "like" on the property.[3]

Plaintiff filed an order to show cause requesting that the court require defendants' ejectment from the property, removal of all "landscaping, asphalt, [and] fences" encroaching on plaintiff's property, and payment of damages and attorney's fees. The court entered an order scheduling a hearing on the order to show cause and directing that defendants serve a written response to the order to show cause prior to the hearing date.

Defendants filed an answer and counterclaim. In their answer, defendants denied they had trespassed on plaintiff's property but admitted they had encroached on plaintiff's property by erecting a fence and installing a driveway,

---

[3] It is not disputed that plaintiff claimed defendants had installed or maintained a stone retaining wall on plaintiff's property. It appears plaintiff's use of the phrase "like" to refer to other alleged encroachments was intended as a reference to the wall. The record also suggests plaintiff claimed the garage on defendants' property encroached on plaintiff's property.

A-1947-22

landscaping, and the "like" on the property.  Defendants also admitted they had refused to remove the fence, landscaping, driveway, and the like in response to plaintiff's demands that they do so.

Defendant Ralph Fredericks filed a counterclaim against plaintiff, asserting that he, and the party that sold him defendants' property in 2005, had "openly, continuously, exclusively, adversely and notoriously used a driveway installed on a portion of [plaintiff's] property . . . for over [thirty] years."[4] Indeed, in the counterclaim, Ralph Fredericks sought a judgment establishing that he had "title and ownership to the entire subject driveway by adverse possession, including that portion of the subject driveway and the like that may have been previously over the property line and on" plaintiff's property.

Following a hearing on the order to show cause, the court denied plaintiff's requests for relief without prejudice.  The court determined plaintiff's claims could not be properly determined in a summary proceeding, noting that although

---

[4] In a clearly unintended error, the counterclaim alleges Ralph Fredericks had "openly, continuously, exclusively, adversely and notoriously used a driveway installed on a portion of <u>Defendant's</u> property . . . for over [thirty] years." (Emphasis added).  The claim was made in support of Ralph Fredericks's cause of action for adverse possession, and, as such, we recognize he intended to assert he had used the driveway for thirty-years on plaintiff's property in the manner he described.

defendants' adverse possession claim "did not appear to be supported by the [then-]current record" before the court, defendant had asserted the adverse-possession claim and other affirmative defenses the court lacked sufficient information to decide. The court therefore denied plaintiff's application and directed the parties to proceed with discovery.

At the subsequent bench trial, plaintiff presented a single witness, Marcia George, who is the business manager for Red Cap Machinery, which operates its manufacturing business at plaintiff's property and is owned, in part, by the partners in plaintiff. George testified plaintiff had purchased plaintiff's property in 2015 and moved its offices onto the property in May 2017. George testified that when it purchased the property in 2015, plaintiff obtained a survey, which showed defendants' driveway, fence, landscaping, and a rock wall encroaching on plaintiff's property. George explained she had taken a photograph of an individual standing in the middle of defendants' driveway holding a post above a pin in the driveway that is referenced in the survey. According to George, she took the photo to show the location of the property line—as established by the pin in the middle of the driveway—as proof that a portion of defendants' driveway encroached on plaintiff's property.

A-1947-22

The parties stipulated to the admission into evidence of the photograph of the worker; other photos of defendants' property, driveway, and home; the survey; and plaintiff's June 14, 2015 deed for its property.

Defendants called two witnesses. Ralph Fredericks testified that when he purchased defendants' property in 2005, the home on the property did not have a paved driveway or the stone retaining wall. According to Fredericks, they were installed in 2006. He also testified the property line for defendants' property that abuts plaintiff's property is located less than fifteen feet from the side of the home on the defendants' property.

Ralph Fredericks testified about photographs of defendants' property taken in 2005 or early 2006, which showed a gravel driveway in the less-than-fifteen-foot-wide swath of property between the home on defendants' property and plaintiff's property line. The photographs showed a tree on the gravel driveway, and Fredericks explained that when the photographs were taken, cars used the gravel area between the tree and the home as the driveway to the garage in the rear of the home. He further testified that no one had used the area on the side of the tree farthest from the home—and closest to plaintiff's property line—as a driveway.

A-1947-22

Ralph Fredericks testified that after the tree died, he had the driveway paved from the residence to an area beyond where the tree had been located. He admitted he had offered to purchase and has never paid real estate taxes on the portion of plaintiff's property to which he claimed ownership based on adverse possession.

Ralph Fredericks further testified the garage shown in the 2005 or 2006 photographs exists today, with new doors; a wood stockade fence shown in the photographs had been replaced with a white vinyl fence in the same place; two trees shown in one of the photographs had been removed so that the gravel driveway could be paved; the gravel driveway had been paved; a rock wall had been added in 2006 to level the driveway; and decorative trees and mulch had been added between the driveway and rock wall.

Defendants also called Paul Jacobs as a witness. Jacobs testified he had been residing at 109 Main Road since 1996. Jacobs explained that defendants' property presently looks the same as it had in 1996 except for a tree newly placed at the front of the driveway. He further stated that the driveway on defendants' property had been used by occupants of that property since 1996. He did not know if there was another fence on defendants' property prior to defendants' installation of the white vinyl fence.

7

The court later issued an order dismissing plaintiff's complaint with prejudice for "fail[ing] to meet its burden of proof by a preponderance of the evidence with respect to its claims against defendants" and dismissing defendants' counterclaim of adverse possession with prejudice for "fail[ing] to meet their burden of proof by clear and convincing evidence." In its supporting statement of reasons, the court found all the witnesses who testified credible and reliable.

The court noted, however, that the "dispute center[ed] on the sufficiency, or lack thereof, of evidence regarding the parties' claims." The court observed that plaintiff relied only "on the testimony of a lay witness with respect to the location of the property line." In doing so, the court pointed specifically to the property survey plaintiff had admitted in evidence. The court noted that "there was no testimony regarding how the survey was conducted, where the markers were set, or a description of what was disputed." For example, the court found the survey identified a "Mag Nail with Washer Set in Driveway at Property Corner," but that no photographs or explanations were offered as to what that notation meant.

The court thus held there was "no information discernable" from the survey "to indicate that [defendants'] fence encroaches on [plaintiff's property]

or the location of any encroachment." The court also observed that although the survey was stipulated into evidence, the statements on the survey were inadmissible hearsay and "[n]o testimony was provided with respect to any of the statements . . . to allow the [c]ourt to find that any of the hearsay exceptions apply[.]"

The court also found that the deed to plaintiff's property did not adequately describe the metes and bounds of plaintiff's property. Particularly, the deed incorporated a "Schedule A," which purportedly described "the land and all the buildings and structures on the land in Montville Township," yet plaintiff failed to include Schedule A with the deed admitted in evidence. The court noted that even if plaintiff had included the Schedule A attachment, testimony was needed to describe how the Schedule A attachment related to defendants' and plaintiff's respective properties.

The court dismissed plaintiff's complaint, finding plaintiff had not "demonstrated by a preponderance of the evidence the location of" its property line. The court also dismissed the counterclaim with prejudice for failing to establish the thirty-year possession of plaintiff's property required for adverse possession under N.J.S.A. 2A:14-30.

A-1947-22

Plaintiff moved for reconsideration of the court's dismissal order, and defendants also moved for reconsideration. After hearing argument on the motions, the court issued a written statement of reasons rejecting plaintiff's claim it had erred by dismissing the complaint. The court noted that although "there may not be a dispute with respect to the encroachment of the driveway onto plaintiff's property, plaintiff did not submit sufficient evidence at trial for the [c]ourt to determine the property line location and whether the fence and garage encroached on plaintiff's property." And, for that reason, the court denied plaintiff's reconsideration motion.

The court also rejected defendants' motion for reconsideration, which was based on the claim plaintiff's causes of action should have been dismissed on statute-of-limitations grounds. The court rejected defendants' argument, finding reconsideration was inappropriate because defendants had never asserted a statute-of-limitations defense.

Although the court denied the parties' reconsideration motions, it acknowledged plaintiff's claim that the dismissal of its complaint would result in issues affecting the marketability of "both parties' properties." The court then explained that based on "equitable principles and in the interest of justice," it imposed a "temporary easement permitting the encroachment of the driveway

10

onto plaintiff's property . . . to remain in place until the repair or replacement of the driveway" on defendants' property or the sale of defendants' property. Additionally, the court further directed that to "effectuate the termination of the temporary easement" on plaintiff's property it had just granted defendants, "the parties are to retain an independent surveyor to determine the encroachment" and share the cost of the surveyor.

This appeal, filed by plaintiff, followed. Defendants did not appeal from the court's orders and do not argue the court erred in dismissing the counterclaim or denying their reconsideration motion. See generally Drinker Biddle & Reath LLP v. N.J. Dep't of L. & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (explaining issues not briefed on appeal are deemed abandoned). We therefore address only plaintiff's challenges to the court's orders.

## II.

While a judge's factual findings made following a bench trial are accorded deference and will be left undisturbed so long as they are supported by substantial credible evidence, Reilly v. Weiss, 406 N.J. Super. 71, 77 (App. Div. 2009) (citation omitted), the court's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference[,]" Manalapan Realty, L.P. v. Manalapan Twp. Comm., 140 N.J. 366,

11

378 (1995). Thus, "'we do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]'" Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (alteration in original) (quoting In re Tr. Created By Agreement Dated Dec. 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008)). And, because equitable remedies require the court to balance the equities and fashion a remedy, such decisions will be reversed only for an abuse of discretion. See Sears Mortg. Corp. v. Rose, 134 N.J. 326, 354 (1993).

Each of plaintiff's causes of action—trespass, interference with property rights, and ejectment—are predicated on its claim defendants had encroached on plaintiff's property.[5] An encroachment has been defined by our courts as an "intrusion without right or possession" or an "invasion" onto another's land. Bier

---

[5] See, e.g., Kornbleuth v. Westover, 241 N.J. 289, 321 (2020) (citing Ross v. Lowitz, 222 N.J. 494, 510 (2015)) (explaining a cause of action in trespass requires a plaintiff to prove the defendant intentionally invaded upon the plaintiff's land); Ross, 222 N.J. at 505 (finding a nuisance cause of action requires a showing that the defendant's "conduct [was] a legal cause of an invasion of [the plaintiff's] interest in the private use and enjoyment of land" (quoting Restatement (Second) of Torts § 822 (Am. L. Inst. 1979))); Phoenix Pinelands Corp. v. Davidoff, 467 N.J. Super. 532, 615 (App. Div. 2021) (finding in an ejectment action, a plaintiff must establish that the defendant has no right to be on the disputed property).

v. Walbaum, 102 N.J.L. 368, 370 (E. & A. 1926); see also La Salle v. La Pointe, 14 N.J. 476, 480-82 (1954).

Here, there is no dispute defendants encroached on plaintiff's property. In their answer to the complaint, defendants admitted their fence, driveway, landscaping and the "like" encroached on plaintiff's property. See R. 4:5-5 ("[a]llegations in a pleading which sets forth a claim for relief, other than those as to the amount of damages, are admitted if not denied in the answer"). In his counterclaim, Ralph Fredericks affirmatively alleged defendants had "openly, continuously, exclusively, adversely and notoriously used a driveway installed on a portion of [plaintiff's] property." And, despite its dismissal of plaintiff's complaint based on its determination the precise location of the encroachment had not been established, on reconsideration the court found as fact—based solely on the evidence presented at the trial—that defendants' driveway encroached on plaintiff's property such that it was appropriate to grant defendants a temporary easement for the driveway on plaintiff's property.

Despite defendants' undisputed encroachment on plaintiff's property, the court dismissed plaintiff's complaint with prejudice for failing to establish the precise locations of the property line and the encroachment. In our view, the

13

court then incongruously granted defendants an easement for the encroachment the court had previously determined it lacked sufficient evidence to define.

In granting the easement, the court determined that the trial record established an encroachment, but the court provided the parties with the means—a remedy—to fill the void in the evidence it found lacking in plaintiff's proofs—a survey by an independent surveyor establishing the property line and location of the encroachment. The identical remedy was available to the court in lieu of dismissing plaintiff's complaint following trial, but the court opted to first employ it on the reconsideration motions to support its imposition of an easement defendants had never requested. In doing so, the court directed that the parties develop the evidence establishing the parameters of the encroachment even though it had dismissed plaintiff's causes of action because the parameters of the encroachment could not be determined. That is, the court permitted defendants the opportunity to develop evidence establishing the parameters of an easement for their encroachment on plaintiff's property but did not afford plaintiff the same remedy at trial where the record otherwise satisfied the court that defendants had encroached on plaintiff's property.

We appreciate the court's frustration with the proofs presented by plaintiff at trial and the court's concomitant finding the location of the encroachment

14

could not be precisely determined, but its provision of an equitable remedy to defendants on reconsideration makes clear the appropriate remedy to address deficiencies in plaintiff's proofs was not dismissal of its complaint with prejudice. That is because a court of equity is guided by "the maxim that equity 'will not suffer a wrong without a remedy[,]'" Matejek v. Watson, 449 N.J. Super. 179, 183 (App. Div. 2017) (quoting Crane v. Bielski, 15 N.J. 342, 349 (1954)), and "has the power of devising [a] remedy and shaping it so as to fit the changing circumstances of every case[,]" Sears Roebuck & Co. v. Camp, 124 N.J. Eq. 403, 411-21 (E. & A. 1938). Applied here, the undisputed existence of defendants' intrusion onto plaintiff's property required a fair and equitable remedy to address the encroachment. Ibid.

Indeed, in the absence of evidence precisely defining the precise location of the encroachment the court found to exist, the court ordered an equitable remedy on reconsideration—a survey—to determine the location of an easement for which defendants, like plaintiff, had not offered sufficient evidence establishing its location. Based on the undisputed and admitted encroachment, and the court's finding plaintiff proved defendants encroached on its land, that wrong—the encroachment—required the equitable remedy at trial of an independent survey to determine the encroachment's precise location and not as

15

ad hoc means of imposing an equitable easement simply because the court's initial order dismissing plaintiff's complaint created title marketability problems.[6]  To conclude differently, as the court did here, incorrectly and unfairly leaves plaintiff, which was wronged by the encroachment, without a remedy.

---

[6]  The court's imposition of the equitable easement is also untethered to any findings of fact supporting plaintiff's entitlement to the easement.  R. 1:7-4.  "Easements are created (1) by express acts of the parties, (2) by implication, or (3) by prescription."  Kline v. Bernardsville Ass'n, Inc., 267 N.J. Super. 473, 478 (App. Div. 1993) (citation omitted).  There are two types of implied easements: by necessity and quasi-easements.  Leach v. Anderl, 218 N.J. Super. 18, 24 (App. Div. 1987).

An implied easement by necessity arises "where 'an owner of land conveys to another an inner portion thereof, which is entirely surrounded by lands owned by the conveyor[,]'" Mandia v. Applegate, 310 N.J. Super. 435, 443 (App. Div. 1998) (quoting Leach, 218 N.J. Super. at 25), or in other words, where an easement is required for access to a landlocked parcel.  A quasi-easement arises from "the apparent use of the quasi-servient portion of the estate for the quasi-dominant portion, the continuous nature of the use, the permanent character of the quasi-easement, and its reasonable necessity to the beneficial enjoyment of the dominant portion."  Leach, 218 N.J. Super. at 26 (citation omitted).  For an implied quasi-easement to exist, the easement need only be "reasonably necessary to the proper enjoyment of the dominant tenement . . . not absolutely necessary."  A.J. & J.O. Pilar, Inc. v. Lister Corp., 38 N.J. Super. 488, 498 (App. Div. 1956).

An easement by prescription requires a showing of "adverse use of land that is visible, open and notorious for at least thirty years."  Yellen v. Kassin, 416 N.J. Super. 113, 120 (App. Div. 2010) (citing Randolph Town Ctr., L.P. v. Cnty. of Morris, 374 N.J. Super. 448, 453-54 (App. Div. 2005)).

For those reasons, we vacate the court's order dismissing plaintiff's complaint because there is no dispute defendants encroached on plaintiff's property, and defendants do not argue on appeal the court erred by finding an encroachment. The court shall permit the parties to agree on an independent surveyor or, absent such an agreement, the court shall appoint an independent surveyor to determine the property line and the location of any encroachment on plaintiff's property from the driveway, fence, wall, landscaping, and the "like." The court shall allocate the costs of the survey, and any testimony that may be required of the surveyor, as it deems appropriate. Based on the results of the survey, the court shall address and decide each of plaintiff's causes of action and order such relief as it deems appropriate based on the record and arguments presented. The court shall conduct such additional proceedings as it deems necessary for the disposition of plaintiff's causes of action and defendants' defenses.

We accordingly reverse the court's order dismissing plaintiff's complaint with prejudice and remand for further proceedings in accordance with this opinion. Because we reverse the order dismissing plaintiff's complaint, we also reverse the court's order denying plaintiff's motion for reconsideration of the dismissal order.

Our decision to reverse and remand the court's orders shall not be interpreted as expressing an opinion on the merits of plaintiff's claims, defenses that may be asserted by defendants, or the remedies the court may order. The remand court shall make appropriate findings of fact and conclusions of law supporting its final determinations. R. 1:7-4.

Reversed and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1947-22